Case 2:15-cv-00326 Document 49 Filed in TXSD on 12/12/16 Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 12, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DOROTHY DILBECK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-326 |
| | § | |
| CITY OF CORPUS CHRISTI, TEXAS, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING SUMMARY JUDGMENT

Plaintiff, Dorothy Dilbeck, Individually and as Representative of the Estate of Walter Allen Bell, filed this action against the City of Corpus Christi, Texas (City) and its police officer, Richard L. Olden (Officer Olden), Individually, alleging civil rights violations under 42 U.S.C. § 1983 and state law assault claims related to the alleged beating of Walter Allen Bell, resulting in his death. Before the Court are summary judgment motions filed by both Defendants. D.E. 30, 31. After the motions were filed, Plaintiff's counsel withdrew from her representation. D.E. 43.

To ensure that Plaintiff had notice of the summary judgment motions and an opportunity to respond, the Court entered an Order on November 1, 2016, setting the submission date for the motions as November 30, 2016, and cautioning Plaintiff that the case may be dismissed if she failed to respond to the motions. D.E. 46. That Order was served on Plaintiff by certified mail and her executed return receipt shows that she received the Order on November 7, 2016. D.E. 48. The deadline has passed and Plaintiff

has failed to file a response to either motion or otherwise appear in the case to seek relief from potential dismissal.

### A. Defendant City of Corpus Christi, Texas

Plaintiff has alleged theories of liability against the City of Corpus Christi based upon § 1983 with respect to the Fourth Amendment prohibition against unreasonable search and seizure, the use of excessive force, and failure to intervene to prevent injuries. Also based on § 1983, Plaintiff alleges failure to supervise, failure to train, and acquiescence in unconstitutional behavior of the police officers. In anticipation of a municipal liability defense, Plaintiff pled a custom, practice, or policy of using excessive and deadly force to effectuate routine arrests or when not appropriate, ignoring the need for training and supervision of police officers, and failing to discipline, supervise, and train, particularly with respect to the use of deadly force, proper handling of individuals with mental illness, and using alternative means to effectuate control and arrest. D.E. 1. Plaintiff claims that the City was deliberately indifferent to Bell's rights.

The City seeks summary judgment because: (1) Officer Olden did not violate Bell's constitutional rights; (2) Plaintiff cannot demonstrate municipal liability under *Monell v. New York Department of Social Services*, 436 U.S. 658, 690 (1978); and (3) Plaintiff cannot maintain a cause of action for failure to intervene against the City. D.E. 30. The first ground is supported by the affidavit of Officer Olden. D.E. 30-1. Plaintiff has failed to controvert the affidavit with any evidence to the contrary. Her complaint was not accompanied by evidence and she did not file any response to the motion. Thus

the City is entitled to summary judgment that Officer Olden, and hence the City, did not violate Bell's civil rights.

The City denies any policy or widespread practice that encourages or contributes to the violation of individuals' constitutional rights as alleged in this case. This argument is supported by the affidavits of Jason Brady and Kelly Isaacks. D.E. 30-2, 30-3. Again, Plaintiff has failed to controvert that evidence with evidence of her own. There being no proof of a City policy or widespread practice of permitting civil rights violations, the City is entitled to summary judgment on the basis of *Monell*.

The City claims that its police officers in general, and Officer Olden in particular, are adequately trained in the use of force, use of deadly force, and alternative means of detaining individuals. D.E. 30-3 (Affidavit of Kelly Isaacks and training records of Officer Olden). Plaintiff offered no controverting evidence. The City further demonstrated that it properly supervises its police officers in general and Officer Olden in particular and does not fail to discipline officers who have engaged in the use of excessive force. D.E. 30-2 (Affidavit of Brady). Plaintiff has provided no evidence to the contrary. Thus the City is entitled to summary judgment on these claims.

Plaintiff's claim for failure to intervene is a claim addressed to the conduct of a specific officer under specific conditions. It thus is not a cause of action addressed to the City's liability. Even if construed as a viable claim against the City, *Monell* prevents assignment of liability without proof of a policy or custom that supported the errant conduct. There being no evidence to support liability under *Monell*, this claim fails.

For all of the reasons set out in the City's motion for summary judgment (D.E. 30), the City is entitled to summary judgment dismissing all of Plaintiff's claims against it.

### B. Defendant Richard L. Olden

With respect to Officer Olden, Plaintiff alleged theories of liability based upon § 1983 with respect to the Fourth Amendment prohibition against unreasonable search and seizure, the use of excessive force, and failure to intervene to prevent injuries. She also alleges a state law claim for assault. D.E. 1. Officer Olden seeks summary judgment on the basis of qualified immunity, no evidence to support an excessive force claim, and no evidence to support the failure to intervene claim. D.E. 31. Each of these defenses requires Plaintiff to offer evidence in support of her claims and to defeat the defenses. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002); Fed. R. Civ. P. 56(c), (e). No evidence was submitted with her complaint and she has not filed any response to the motion. Thus Officer Olden is entitled to summary judgment.

### CONCLUSION

For the reasons set out above, the Court GRANTS the City's motion (D.E. 30) and Officer Olden's motion (D.E. 31) that they are entitled to summary judgment on all of Plaintiff's claims. This action is DISMISSED.

ORDERED this 12th day of December, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE